The next case is United States v. Nolasco. Your honors, good morning from Mr. Nolasco, Andrew Frisch. What makes this case an abuse of discretion is that we can't say for sure that the record is complete, that Judge Glasser relied on the government's eight-page opposition without affording Mr. Nolasco an opportunity to reply. But more, there would have been no prejudice to the government if Judge Glasser appointed a lawyer to make sure that all the relevant facts were marshaled. I probably proceed at my peril if I make too much of this court's appointment of me to be here today. I don't want to be in the position of telling the court what it must have been thinking when it appointed counsel sua sponte for me to be here today. But there's plainly some value added by having an experienced lawyer marshal the facts and the law which Judge Glasser should have considered before he summarily denied the motion. The length of the sentence, the severity of the crimes, either favors this appeal or is it most neutral. We should know before we permit a 35-year sentence to stand whether COVID would have made a difference to Judge Glasser, whether Dean, his consideration of the Supreme Court's decision in Dean, which was the subject of the direct appeal, Your Honor, when Judge Livingston was on that panel, whether that would have made a difference to him. Maybe it wouldn't, maybe it did, but we shouldn't be here speculating when we're talking about a 35-year sentence. Maybe there are other facts that are not a part of the record that an experienced lawyer could marshal on behalf of Mr. Nolasco so that we could have confidence knowing that if he's to serve essentially the rest of his life in jail, if not jail, it's because there's no extraordinary, no truly extraordinary and compelling circumstance warranting broker relief. But we don't know that. In the context of sort of ineffective assistance if counsel claimed, we often see counsel come in after and say, well, if there had been competent counsel, here are the claims they would have made, and here's why we have reason to think they would have had a reasonable likelihood of success. I'm wondering whether you've had an opportunity to identify specific claims that you would represent appear to be promising claims that were not advanced because of the absence of counsel. That's a fair question, and the short answer is there are matters that aren't on the record. There's the particular conditions of confinement at his prison, which Mr. Nolasco described, I think correctly, as four walls and a prayer. There are family circumstances. There is the fact that Judge Glasser did not consider Dean. It may not have made a difference to him. I understand how serious these crimes are, but again, we shouldn't be assuming that Judge Glasser would respond to a post-COVID claim and a post-Dean claim the same way that he did here. So, Judge Robinson, I think the short question, the short answer to your question is I would sure like an opportunity to go back to district court and make, marshal the facts, marshal the law, make sure that we're doing right by this man before we summarily deny his motion and conclude that he's not entitled to relief. Thank you. May it please the court. My name is David Kessler. I'm an assistant United States attorney in the Eastern District of New York, and I represent the government on the appeal. A couple of things. The record here is effectively complete because this court's case law instructs that where there's no basis or an extremely low likelihood of a petition for compassionate release to have been granted, there's no abusive discretion in failing to made his view very clear in his order when he emphasized the extreme violence and severity of the defendant's crimes. The district judge did the sentencing, knew the defendant, knew the case, knew the facts, and made it clear that under a 3553A analysis, regardless of whether there were extraordinary and compelling circumstances, he would have denied the petition. Under those circumstances, whatever other circumstances might be, there couldn't possibly be an abuse of discretion in denying an unrequested, you know, denying an unrequested appointment of counsel. There just couldn't have been. Well, the record, I agree that the record as to the 3553A factors that was before the judge was draws into question a likelihood of success. I mean, it wasn't scheduled to be released until 2041. There were disciplinary infractions while incarcerated, the severity of the crimes, but this was, there was not much development, the argument is, of the other side of the equation, and the judge may not have had a full understanding of the severity of the this inmate's Spanish, with Spanish speaking, and may not have had full assistance of even another inmate in preparing the motion. Well, Your Honor, it's fair to say that a court-appointed lawyer might have presented whatever the circumstances were more effectively, but that that's not really the question. The question is whether, even assuming there were extraordinary and compelling circumstances for COVID reasons, family reasons, whatever the reasons, was it an abuse of discretion for Judge Glasser to apply the 3553A analysis here, consider that the defendant was extremely violent, had threatened to kill people when he got out of jail, had served only 10 years of his 35-year sentence, and to decide that it frankly didn't matter, that under the 3553A analysis, it was not appropriate to re-sentence the defendant or to release the defendant at this time. That's what happened here. If I could make a particular note about Dean, which defense counsel raised, this court heard a direct appeal of Nolasco's sentence in the Bonilla case, that's 700 Federal Appendix 82, and it's cited, I think, in both briefs, but certainly in ours. And in that case, this court held that even if there had been a Dean error in the sentencing, that error didn't prejudice Nolasco, and it went on to explain why. And the reason was it quoted the district court's view that Nolasco's conduct had been extremely violent over a period of years, that he warranted a very, very serious, sorry, he should be sentenced quite severely because of the very, very serious crimes. And in fact, the district court indicated he would have sentenced Nolasco to more time in prison, except he only, only, in quotation marks, sentenced the defendant to 60 months for the Hobbs Act robbery count, which didn't have a mandatory minimum, to avoid a potential sentencing disparity with his less culpable co-conspirators. So in fact, not only did the district court, who knew everything and knew this defendant well, indicate that on these particular facts, a 3553A resentencing was not appropriate. Actually, the district court previously indicated that the 35-year sentence was low in his view. So can I ask a very, just sort of nuts and bolts practical question? In your experience, I assume you see these cases come through, in what percentage of the time does the court appoint counsel for the defendant? I don't have a good answer for you. In my, my personal experience dealing with compassionate release petitions, some are pro se and some are not. Just like some 2255s end up counseled and some end up being pro se. And I, I don't have kind of better statistics than that. You know, I, I will point out, at least my reading of the, the relevant statute here in the CJA Act, is that if it turns out that there is some other claim or some other basis to seek compassionate relief, either now or later, that kind of isn't implicated on the record here. It's not clear to me from my reading of those statutes that the defendant couldn't file a new claim before Judge Glasser, either now or later. So I don't think the framework here before the court is really a or Judge Glasser's decision has to be vacated and this case sent back with an order for him to appoint a lawyer for the defendant to raise the same issues when we already know the result. So I think that the framework here is not, is not quite so black and white as, as we think about how the defendant's case might evolve in the future. So if there are no further questions. A few points in rebuttal, Your Honor. Whatever the percentage is, Mr. Nolasco is an unsophisticated non-English speaker, number one. Number two, we shouldn't be here litigating the likelihood. Mr. Nolasco is not going to get released if he has, if he makes a counsel motion below. It's highly unlikely, at least, but the court has the discretion on remand to consider whether a reduction is in order. And 420 months is a lot of time and maybe he'll come down to three 60 or maybe he'll give him some accommodation because of COVID. But we don't know because whatever circumstances Mr. Nolasco had to present, he didn't have the assistance of counsel to do so. Your Honor, thank you. Thank you both. Very helpful. Appreciate it. That is the last case on the calendar to be argued this morning. So I'll ask the clerk to adjourn the court. Court stands adjourned.